**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

**MERCY FLIGHTS, INC.,** *an Oregon nonprofit corporation,*

Plaintiff,

v.

**COUNTY OF JOSEPHINE,** *an Oregon political subdivision,* **AMERICAN MEDICAL RESPONSE NORTHWEST, INC.,** *a Colorado corporation,*

Defendants.

Case No. 1:17-cv-01760-CL

**ORDER**

CLARKE, Magistrate Judge.

Plaintiff Mercy Flights, Inc., brings this cause of action against the defendants, Josephine County, Oregon, and American Medical Response, Northwest, Inc., ("AMR") seeking declaratory and injunctive relief. The case comes before the Court on cross motions for summary judgment filed by Plaintiff (#23), Defendant Josephine County (#26), and Defendant AMR (#29). For the reasons below, the Plaintiff's motion (#23) is GRANTED, and the defendants'

motions (#26, 29) are DENIED. Plaintiff is entitled to declaratory and injunctive relief, and judgment shall be entered for the Plaintiff.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## BACKGROUND

For purposes of this motion, the defendants do not dispute the material facts as stated by Plaintiff Mercy Flights. Mercy Flights is an Oregon nonprofit corporation which provides prehospital emergency air medical transportation services in Oregon, California, Idaho and Washington. Mercy Flights holds a 14 CFR Part 135 Air Carrier and Operator certificate from the Federal Aviation Administration and is an airline as defined in the Airline Deregulation Act of 1978 (ADA).

After the 911 system is activated in Josephine County for a person who has an injury or illness and who is transported to Three Rivers Medical Center in Grants Pass (TRMC), the emergency department or attending physician makes a medical diagnosis of that patient's condition. (Decl. Doug Stewart (Plf. Ex. 1)). When a patient is deemed critical, or when they

have a medical condition that exceeds the resources available to TRMC, the patient requires a critical care transport service to a facility that has that service available. (Plf. Ex. 1). TRMC physician support staff determine the geographically closest hospital that can provide the service the patient's condition requires. *Id.*

When a patient requires critical care transport by air out of Southern Oregon, Mercy Flights is contacted. When the call is received, the Mercy Flights' communication center collects information on the patient and immediately activates the Mercy Flights' critical care flight transport team. The critical care flight transport team consists of a Registered Nurse and Paramedic. The critical care flight transport team provides a level of care during transport that is comparable with the level of care the patient receives in the Emergency Department or the Intensive Care Unit at TRMC. *Id.*

When the critical care flight transport team arrives at TRMC the Registered Nurse member of the team receives a patient condition report and begins the assessment of the patient. After consultation with the treating physician, a treatment plan is agreed upon and the patient is prepared for transport. Once the patient is ready, they are transported on the Mercy Flights ground ambulance to the Medford Airport where the patient and the critical care flight transport team are then transferred to a Mercy Flights Aircraft for flight to the appropriate facility. This process is streamlined, and the preparation of the patient takes a minimal amount of time. The critical care flight transport team is assigned to, and remains with, the patient throughout the duration of the transport - from hospital bed to hospital bed. The critical care Paramedic and Registered Nurse work together to provide an advanced level of care from the time that the patient is collected at TRMC to the time the patient is delivered to the receiving facility. *Id.*

In 2013, Josephine County passed Ordinance No. 2013-007, which regulates ambulance services in Josephine County. The Ordinance reads in relevant part:

> SECTION 10. ASSIGNMENT OF AMBULANCE SERVICE AREAS
>
> No person shall provide ambulance service in Josephine County unless the BCC has issued a license and assigned an ASA to that person pursuant to this section.
>
> SECTION 12. PROHIBITED ACTIVITIES
>
> A. Operational Prohibitions
>    1. Services. It shall be unlawful for any person to do business or operate an ambulance in Josephine County without having a license issued by Josephine County to operate such ambulance(s) or ambulance service
>
> B. Related Prohibitions. No ambulance operator, ambulance service provider, or said operator's or providers' employee, agent or representative shall:
>
>    . . .
>
>    3. Unauthorized services. Perform emergency medical services unless authorized by this Ordinance and the rules adopted pursuant to this Ordinance. This prohibition does not apply when:
>       a. The response is for supplemental or mutual aid;
>       b. An Incident Commander requests additional assistance in response to a multiple casualty incident.
>
> SECTION 15. PENALTIES
>
> A. In addition to any other procedures and remedies provided for by law, violations of Sections of this Ordinance or rules adopted pursuant to this Ordinance shall be punishable by a fine not to exceed $5,000 per violation.
> B. Violators may be cited and prosecuted: (a) pursuant to Josephine County Citation procedures or (b) by civil suit in the appropriate court or (3) by criminal charges where appropriate, or in any other manner provided by law.
> C. Notwithstanding other provisions regarding enforcement of the Ordinance, the County or any affected person may initiate a civil suit to remedy the violation, seeking injunctive or declaratory relief.
> D. Notwithstanding Subsections A, B and C, the County or any affected party is also entitled to pursue any other legal remedy provided by applicable law. (Ex.2).

Defendant AMR provides ground ambulance transport in Josephine County. After passage of the Ordinance, a dispute arose about whether Mercy Flights could continue to operate its ground-leg transport services. In 2015, Mercy Flights entered into an agreement with AMR to have AMR provide the ground transport leg from TRMC to the Medford Airport. Mercy

Flights claims that this arrangement was not satisfactory and claims that the continuity of care was adversely affected.[1] On May 17, 2017, Mercy Flights informed AMR and Josephine County that it was terminating its contract with AMR, effective July 16, 2017, and returning to the historical method of transporting critical care patients from TRMC to the Medford Airport. Plf. Ex. 3.

On June 5, 2017, AMR informed Mercy Flights that it would report Mercy Flights to the County for prosecution under the Ordinance. Plf. Ex. 4. On June 23, 2017, Josephine County informed Mercy Flights that ground transport by Mercy Flights to facilitate air transport would constitute a violation of the Ordinance. Plf. Ex. 5. On October 6, 2017, Josephine County threatened prosecution and financial penalties if Mercy Flights violated the Ordinance. Plf. Ex. 6.

## DISCUSSION

The cross motions for summary judgment in this case require the Court to determine a purely legal question: whether the federal Airline Deregulation Act of 1978 (the "ADA") preempts Josephine County Ordinance No. 2013-007 (the "Ordinance"). For the reasons below, the Court finds that the Ordinance is preempted.

The ADA preempts state regulation as it relates to the "rates, routes, or services of an air carrier." *Morales v. Trans World Airlines Inc.*, 504 U.S. 374, 378 (1992). But only laws having a "significant impact" on the ability of an air carrier to administer air transport services are subject to preemption. *Rowley v. American Airlines*, 875 F. Supp. 708, 713 (D. Or. 1995) (citing *Morales*, 504 U.S. at 386 (1992)). In *Fed. Exp. Corp. v. California Pub. Utilities Comm'n*, the Ninth Circuit held that California motor carrier regulations were preempted by the ADA because of the interconnected nature between Fed Ex's trucking activities and air carrier operations. 936

[1] This is likely disputed by the defendants, but it is not a material fact at issue in this case. The Court does not make a finding or weigh this claim in any way for or against any party.

F.2d 1075,1079 (9th Cir. 1991). The Ninth Circuit found that, because the trucking and air carrier systems "operate as an integrated whole," the ground vehicles used to support air carriers were relieved of state regulation by the express preemption clause of the ADA. *Id.*

The Court agrees with the defendants that Congress did not intend to supplant the inherent authority of states to regulate emergency services, including ground ambulance services. Oregon statutes grant counties the authority to create, assign, and reassign Ambulance Service Areas to provide access to efficient, effective, and safe ground ambulance services. Or. Rev. Stat. § 451.010(1)(j), 2(b), 3(d); Or. Rev. Stat. § 682.062, 063.

However, it is undisputed in the record that, while Mercy Flights operates ground-only ambulance services in certain regions in Southern Oregon, within Josephine County it only operates ambulance services in connection with its air transport services for critical care patients. The transport from TRMC to the aircraft for air transport can more aptly be described as the "ground-leg" of Mercy Flights' air ambulance services. The Court agrees with Plaintiff that getting the patient to the aircraft is an integral part of the flight services, just as getting a package to an aircraft was an integral part of the services in *Fed. Exp. Corp. v. California Pub. Utilities Comm'n*.

The Ordinance, by the express terms in section 10 and section 12, prohibits Mercy Flights from operating the ground-leg of the air transport without having a license issued by Josephine County. By imposing this licensing requirement, the Ordinance regulates the service, the price, and the routes of Mercy Flight's ground-leg of its air transport service. Such regulation is preempted by the ADA.

Other courts faced with similar circumstances have held similar regulations are preempted. In *Med-Trans Corp. v. Benton*, the state statute at issue provided that "[n]o firm,

corporation, or association shall furnish, operate, conduct, maintain, advertise, or otherwise engage in or profess to provide emergency medical services or transport patients upon the streets or highways, waterways, or airways in North Carolina unless a valid EMS Provider License has been issued by the Department." 581 F. Supp. 2d 721, 737 (E.D.N.C. 2008). The district court reasoned:

> Although the establishment of medical oversight is an important public goal in the provision of emergency health care services, it may not be obtained through unlawful means. The collective effect of the challenged regulations is to provide local government officials a mechanism whereby they may prevent an air carrier from operating at all within the state. Such a total bar to entry relates to a carrier's routes and service and violates Congress' clear mandate in establishing the ADA.

*Id.* at 738. The court thus found that the regulations were "preempted to the extent that they require approval of county government officials which, if denied, would preclude plaintiff from operating within the state." *Id.*

Similarly, in this case, the Ordinance does not limit the discretion of Josephine County officials to simply refuse to create the new ASA and or refuse to grant the license, effectively blocking Mercy Flights entry into the market. In other words, the Ordinance provides Josephine County officials with a mechanism whereby they may prevent Mercy Flights, an air-carrier, from operating at all within Josephine County. Therefore, the Ordinance is preempted by the ADA.

## ORDER

For the reasons stated above, Plaintiff's motion for summary judgment (#23) is GRANTED. Defendants' motions (#26, 29) are DENIED. The Court declares that Josephine County Ordinance 2017-007 is preempted by the Airline Deregulation Act as it applies to Mercy Flights, Inc.'s ground-leg transport of its critical care air transport services. Josephine County is

hereby enjoined from prosecuting Plaintiff on the basis of the Ordinance and Plaintiff's ground-leg transport conduct within the county.

It is so ORDERED and DATED this 13 day of March, 2019.

MARK D. CLARKE
United States Magistrate Judge